# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

      Plaintiff,

vs.                                                                                      No. CIV 19-0324 JB/SMV

CURRY COUNTY DETENTION CENTER
and FNU WARNELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Untitled Complaint Under 42 U.S.C. § 1983, filed April 5, 2019 (Doc. 1)("Complaint"); and (ii) the accompanying Motion to Proceed In Forma Pauperis, filed May 9, 2019 (Doc. 3)("IFP Motion"). Plaintiff Loydale Kirven is incarcerated and proceeding pro se. Because Kirven has not paid the filing fee and is not eligible to proceed in forma pauperis, the Court will dismiss the case without prejudice.

## FACTUAL BACKGROUND

The Complaint alleges that prison officials placed Kirven near Jesus Carria, a mentally ill individual. See Complaint ¶¶ 1-2, at 2-3. Carria allegedly assaulted Kirven. See Complaint ¶ 1, at 2. Kirven alleges that he was required to "use lethal force" on the individual. Complaint ¶ 1, at 2. Kirven says he "administered force for several mins." Complaint ¶ 1, at 2. The Complaint alleges that Kirven suffered "irreparable damage" to his eye, Complaint ¶ 1, at 3, and that Curry County Detention Center knew Jesus Carria "had mental issues, and was very assaultive," Complaint ¶ 2, at 3.

## PROCEDURAL BACKGROUND

Kirven filed his Complaint on April 5, 2019. See Complaint at 1. Kirven seeks money

damages from Defendants Curry County Detention Center and FNU Warnell after they allegedly failed to break up a fight, and he was "forced to use lethal force." Complaint ¶ 3, at 1-2. On April 8, 2019, the Court referred the matter to the Honorable Stephan M. Vidmar, United States Magistrate Judge for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases at 1, filed April 8, 2019 (Doc. 2).

On May 9, 2019, Kirven filed the IFP Motion. See IFP Motion at 1. Plaintiff sought to prosecute this civil action without prepaying the $400.00 civil filing fee. See IFP Motion at 1. By a Memorandum Opinion and Order the Court denied the IFP Motion. See Kirven v. Curry Cty. Det. Ctr., No. CIV 19-0324 JB\SMV, 2019 U.S. Dist. LEXIS 215025, at *1 (D.N.M. Dec. 13, 2019)(Browning, J.)("MOO"). The Court concluded that Kirven is not eligible to proceed in forma pauperis, because, "on 3 or more occasions, while incarcerated [he] . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). See 2019 U.S. Dist. LEXIS 215025, at *1. Plaintiff previously filed three civil actions while incarcerated, which were dismissed as frivolous, malicious, or which failed to state a cognizable claim. See 2019 U.S. Dist. LEXIS 215025, at *1 (citing Kirven v. Cent. N.M. Corr. Facility, No. CIV 13-0217 MCA\SMV (D.N.M.); Kirven v. McIlwain, No. CIV 07-0958 JB\CG (D.N.M.); and Kirven v. Curry Cty. Det. Ctr., No. CIV 06-1212 JB\WDS (D.N.M.)).

The Court further concluded that Kirven's filings do not satisfy the IFP exception for complaints containing "specific, credible allegations of 'imminent danger.'" Kirven v. Curry Cty. Det. Ctr., 2019 U.S. Dist. LEXIS 215025, at *1 (quoting Kinnell v. Graves, 265 F.3d 1125, 1127

(10th Cir. 2001)(remaining quotations omitted)).   While the IFP Motion parrots the "imminent danger" standard, it is similarly devoid of any specific allegations.   IFP Motion at 5.   For these reasons, the Court denied the IFP Motion and fixed a deadline of January 13, 2020, for Kirven to prepay the $400.00 filing fee.   See 2019 U.S. Dist. LEXIS 215025, at *2.   Kirven did not comply with or otherwise respond to the MOO.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."   See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).   In light of Kirven's failure to pay the filing fee or to respond to the MOO, the Court will dismiss this case without prejudice pursuant to rule 41(b).   See Olsen v. Mapes, 333 F.3d at 1204.

**IT IS ORDERED** that: (i) the Plaintiff's Untitled Complaint Under 42 U.S.C. § 1983, filed April 5, 2019 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final

Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Loydale Kirven
Clovis, New Mexico

     *Plaintiff pro se*