IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

     Plaintiff,

vs.                                                                                      No. CIV 19-0324 JB/SMV

CURRY COUNTY DETENTION CENTER
and FNU WARNELL,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave, filed May 29, 2020 (Doc. 9)("Motion to Reconsider").   Plaintiff Loydale Kirven seeks reconsideration of the Memorandum Opinion and Order dismissing his prisoner civil rights action for failure to pay the filing fee.   See Memorandum Opinion and Order, Kirven v. Curry Cty. Det. Ctr., No. CIV 19-0324 JB/SMV, 2020 WL 516736 (D.N.M. Jan. 31, 2020)(Browning, J.), filed January 31, 2020 (Doc. 6)("Dismissal MOO"); Motion to Reconsider at 1.   The Court will grant the Motion to Reconsider, because, at the time Kirven filed this case, he had only two strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA").   Accordingly, the Court should have granted the Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 9, 2019 (Doc. 3)("IFP Motion"), rather than dismissing this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

     Kirven initiated this case on April 5, 2019, by filing an Untitled Letter-Complaint Raising Claims Under 42 U.S.C. § 1983 (Doc. 1)("Complaint").   The Complaint alleges that prison officials placed Kirven near fellow-inmate Jesus Carria, a mentally ill individual.   See Complaint at 2-3 (no paragraph numbering). Carria allegedly assaulted Kirven.   See Complaint at 2 (no

paragraph numbering).  Kirven alleges that he was required to "use lethal force" on Carria. Complaint at 2 (no paragraph numbering).  Kirven contends that he "administered force for several mins." Complaint at 2 (no paragraph numbering).  Kirven alleges that he suffered "irreparable damage" to his eye and that Curry County Detention Center knew Carria "had mental issues, and was very assaultive."  Complaint at 3 (no paragraph numbering).  The Court referred the matter to the Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference in Prisoner Cases at 1, filed April 8, 2019 (Doc. 2).

On May 9, 2019, Kirven filed the IFP Motion.  Kirven sought to prosecute this civil action without prepaying the $400.00 civil filing fee.  See IFP Motion at 1.  By a Memorandum Opinion and Order, Kirven v. Curry Cty. Det. Ctr., No. CIV 19-0324 JB/SMV, 2019 WL 7838634 (D.N.M. Dec. 13, 2019)(Browning, J.), filed December 13, 2019 (Doc. 5)("IFP MOO"), the Court denied the IFP Motion.  The Court concluded that Kirven was not eligible to proceed in forma pauperis, because, "on 3 or more occasions, while incarcerated [he] . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  28 U.S.C. § 1915(g).  See IFP MOO at *1-2.

The Court determined that Kirven had "previously filed three civil actions while incarcerated, which were dismissed as frivolous, malicious, or failure to state a cognizable claim." IFP MOO at *1-2 (citing Kirven v. Central New Mexico Correctional Facility, No. CIV 13-0217 MCA/SMV, filed July 31, 2013 (Doc. 8)(Armijo, J.)(concluding that Kirven's "complaint fails to state a claim for relief under § 1983 and will be dismissed with prejudice"); Kirven v. McIlwain, CIV 07-0958 JB/CG (dismissed with prejudice under either 28 U.S.C. § 1915(e)(2) or rule 12(b)(6)

for failure to state a claim, because Kirven did not allege facts that either a federal right was violated or that the deprivation was caused by someone acting under color of state law);[1] and Kirven v. Curry Cty. Det. Ctr., No. CIV-06-1212 JB/WDS, 2007 WL 9717951, at *1 (D.N.M. Jan. 19, 2007)(Schneider, M.J.)(dismissing Kirven's case he "makes no allegation that he has attempted to exhaust administrative remedies")).[2]

    The Court further concluded that Kirven's filings did not satisfy the in forma pauperis

---

[1]The Court, in dismissing Kirven's "Complaint is dismissed with prejudice," did not state explicitly whether it was dismissing it under 28 U.S.C. § 1915(e)(2) or rule 12(b)(6):

> The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Alv. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).

> . . . .

> A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a Complaint does not state a claim under § 1983. . . . The Court will dismiss Kirven's Complaint.

> . . . .

> **IT IS FURTHER ORDERED** that the Plaintiff's Complaint is dismissed with prejudice; all pending motions are denied as moot; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

Memorandum Opinion and Order at 1-3, CIV 07-0958 JB/CG, filed February 19, 2008 (Doc. 18) (emphasis in the original). Based on the foregoing excerpt, the Court concludes that it dismissed this action because it failed to state a claim upon which relief could be granted.

    [2]The Court concludes below that this case should not have been counted as a strike. See Analysis § II, infra.

- 3 -

exception for complaints containing "specific, credible allegations of 'imminent danger.'"   IFP

MOO, at *1 (quoting Kinnell v. Graves, 265 F.3d 1125, 1127 (10th Cir. 2001)).   The IFP Motion

merely parrots the "imminent danger" standard without explaining why Kirven was in any

imminent, future danger stemming from his prior "use of lethal force" on another inmate.   See

IFP Motion at 5; Complaint at 2-3.   For these reasons, the Court denied the IFP Motion and fixed

a deadline of January 13, 2020, for Kirven to prepay the $400.00 filing fee.   See IFP MOO at 2.

Kirven did not pay the filing fee, show cause for such failure, or otherwise respond to the IFP

MOO  by the deadline.

On January 31, 2020, the Court dismissed this case without prejudice and entered a Final

Judgment.   See Dismissal MOO, at *1; Final Judgment January 31, 2020 (Doc. 7)("Judgment").

The Court observed:

> Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary
> dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the
> [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See
> AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233,
> 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a
> party for failing to prosecute or defend a case, or for failing to comply with local or
> federal procedural rules.")(internal citation omitted).   As the United States Court
> of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or
> face dismissal) is a fundamental precept of modern litigation." See Rogers v.
> Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the
> language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule
> has long been interpreted to permit courts to dismiss actions sua sponte for a
> plaintiff's failure to prosecute or comply with the rules of civil procedure or
> court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).   In
> light of Kirven's failure to pay the filing fee or to respond to the MOO, the Court
> will dismiss this this case without prejudice pursuant to rule 41(b).   See Olsen v.
> Mapes, 333 F.3d at 1204.

Dismissal MOO, at *2.   Kirven filed the Motion to Reconsider about four months later, on May

29, 2020.   See Motion to Reconsider at 1.

## ANALYSIS

Kirven filed the Motion to Reconsider nearly four months after entry of the Dismissal MOO and Judgment.   See Dismissal MOO, at *1; Judgment at 1; Motion to Reconsider at 1.   The Court, therefore, must analyze the Motion to Reconsider under rule 60(b) of the Federal Rules of Civil Procedure.   See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).   As relevant here, rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud.   See Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."   Rule 60(b)(6) relief, however, is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief."   Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).   Kirven asks the Court to reopen his case, arguing: (i) he established imminent danger; (ii) the Court should address the Defendants' alleged misconduct; and (iii) he gave notice of a new address in other cases.   See Motion to Reconsider at 1-2.   The Court concludes that, although Kirven has not demonstrated that he is in imminent danger of serious physical injury, it will grant the Motion to Reconsider because Kirven had only two strikes under the PLRA when he filed this case.

## I.    KIRVEN HAS NOT ESTABLISHED THAT HE FACES IMMINENT DANGER THAT OBVIATES THE REQUIREMENT TO PAY THE FILING FEE.

Kirven argues that his Complaint establishes imminent danger, because "[a]ny time a person has to be assaultive [sic] is imminent danger to protect himself."   Motion to Reconsider at 1.   Kirven provides no additional facts to demonstrate why he faces imminent danger, and the fact that Kirven got into an altercation in the past does not demonstrate automatically a future danger. Kirven's allegations, therefore, are "vague or utterly conclusory," rather than "specific, credible allegations of imminent danger of serious physical injury."   Boles v. Colorado Dep't of Corr., 794

F. App'x 767, 771 (10th Cir. 2019).   Kirven does not allege that he is still housed with the inmate who injured him, for example.   Consequently, Kirven's "allegations of past injury or harm are insufficient" to demonstrated imminent danger, because Kirven does not identify an ongoing, real, or proximate threat to his personal safety.   Fuller v. Wilcox, 288 F. App'x 509, 511 (10th Cir. 2008).   See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)(concluding that a pro se plaintiff had not demonstrated imminent danger, because "[n]either the Amended Petition nor Mr. White's subsequent filings ever specifies even the general nature of the 'serious physical injury' he asserts is imminent")(no citation for quotation).

## II.   THE COURT SHOULD HAVE PERMITTED KIRVEN TO PROCEED IN FORMA PAUPERIS, BECAUSE HE HAD ONLY TWO STRIKES UNDER 28 U.S.C. § 1915(G) WHEN HE FILED THIS ACTION.

To date, excluding the present action, Kirven has filed twenty unsuccessful pro se suits in the United States District Court for the District of New Mexico.   Kirven acknowledges that he "is aware of the many cases he has brought to this Court."   Motion to Reconsider at 2.[3]   The majority of these cases were dismissed pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or failure to pay the filing fee. (i) Kirven v. Curry Cty. Det. Ctr., No. CIV 20-0568 WJ/LF, Memorandum Opinion and Order at 6-7, filed June 18, 2020 (Doc. 7)(dismissing Kirven's action without prejudice under rule 41(b) because Kirven did not pay the filing fee); (ii) Kirven v. Gallegos, No. CIV 20-0401 KWR/LF, Kirven v. Gallegos, No. CV 20-00401 KWR/LF, 2020 WL 3288126 (D.N.M. June 18, 2020)(Riggs, J.), Memorandum Opinion and Order of Dismissal, filed June 18, 2020 (Doc. 5)(dismissing "this proceeding without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with statutes, failure to comply with Court orders, and failure

---

[3]Kirven explains that he "doesn't want to appear bothersome," by filing a significant number of actions, but he further argues that the volume of cases "paint a picture of the collusion in CCDC," where he is currently in custody.   Motion to Reconsider at 2.

to prosecute the case"); (iii) <u>Ollison v. Curry Cty. Det. Ctr.</u>, No. CIV 18-1061 JB/KK, <u>Ollison v. Curry Cty. Det. Ctr.</u>, 429 F. Supp. 3d 920, 924 (D.N.M. 2019)(Browning, J.), Memorandum Opinion and Order of Dismissal at 6-7, filed October 30, 2019 (Doc. 15)(dismissing Kirven's claims "for failure to comply with § 1915's requirements, failure to comply with the Court's July 25, 2019 Order, and failure to prosecute this case"); (iv) <u>Kirven v. Santa Rosa Dep't of Corrs.</u>, No. CIV 19-0322 MV/KRS, Memorandum Opinion and Order at 2, filed July 29, 2019 (Doc. 14)(dismissing Kirven's action without prejudice under rule 41(b)); (v) <u>Kirven v. Curry Cty. Det. Ctr.</u>, No. CIV 19-0078 MV/JFR, Order of Dismissal, filed June 21, 2019 (Doc. 6)(explaining that, "because Kirven did not respond to the Order or otherwise show cause for his failure to pay," "[t]he Court will therefore dismiss this action without prejudice under Fed. R. Civ. P. 41(b)"); (vi) <u>Garcia v. CCS Solutions</u>, No. CIV 19-0321 KG/SCY, <u>Garcia v. CCS Sols.</u>, No. CV 19-00321 KG/SCY, 2019 WL 2503201, at *3 (D.N.M. June 17, 2019)(Gonzales, J.), Memorandum Opinion and Order of Dismissal at 5, filed June 17, 2019 (Doc. 19)(noting that Kirven had not paid the $400.00 filing fee and stating that, therefore, "the Court will dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b), for failure to comply with Court orders and failure to prosecute the case"); (vii) <u>Kirven v. CYFD</u>, No. CIV 18-0971 KG/SMV, <u>Kirven v. CYFD</u>, No. CV 18-00971 KG/SMV, 2019 WL 366551, at *2 (D.N.M. Jan. 30, 2019)(Gonzales, J.), Memorandum Opinion and Order of Dismissal, filed January 30, 2019 (Doc. 11)(holding that it would "dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute the case"); (viii) <u>Kirven v. Garrett</u>, No. CIV 16-1110, Memorandum Opinion and Order at 2, filed June 20, 2017 (Doc. 13)(dismissing Kirven's complaint under rule 41(b) without prejudice "for failure to comply with the Court's Orders and failure to prosecute"); (ix) <u>Kirven v. Maples</u>, No. CIV 16-1361 KG/LF, Memorandum Opinion

and Order of Dismissal at 2, filed June 19, 2017 (Doc. 6)(dismissing Kirven's case "for failure to comply with the Court's Orders and for failure to prosecute"); (x) <u>Kirven v. Garcia</u>, No. CIV 16-1333 RB/GF, Memorandum Opinion and Order, filed May 19, 2017 (Doc. 5)(dismissing Kirven's complaint without prejudice "for failure to comply with the . . . Order, for failure to prosecute, and for failure to state a claim on which relief can be granted"); (xi) <u>Kirven v. FNU Hollis</u>, No. CIV 16-1162 MV/SMV, Order of Dismissal without Prejudice, filed April 28, 2017 (Doc. 7)(stating that, because Kirven "has failed to comply with the Local Civil Rules of the United States District Court for the District of New Mexico and the Court's . . . Order To Show Cause, his § 2254 Petition will be dismissed without prejudice and judgment will be entered");[4] (xii) <u>Kirven v. Curry Cty. Det. Ctr.</u>, No. CIV 15-0080 JB/KK, Order at 1, filed May 29, 2015 (Doc. 4)(dismissing Kirven's lawsuit without prejudice because he "failed to comply with the Order and statutory filing requirements . . . or show cause why the Court should excuse his noncompliance"); (xiii) <u>Kirven v. Sandoval</u>, No. CIV 14-0209 LH/RHS, Amended Order of Dismissal, filed April 16, 2014 (Doc. 10)(concluding that, because Kirven "has failed to comply with statutory requirements and a court

---

[4]The Tenth Circuit "has determined habeas corpus petitions are not 'civil action[s]' for purposes of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act." <u>Jennings v. Natrona Cty. Det. Ctr. Med. Facility</u>, 175 F.3d 775, 779 (10th Cir. 1999), <u>overruled on other grounds by</u> <u>Coleman v. Tollefson</u>, 575 U.S. 532 (2015). <u>See</u> <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997)(explaining that "habeas corpus proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of §§ 1915(a)(2) and (b)"). <u>See also</u> <u>Washington v. Los Angeles Cty. Sheriff's Dep't</u>, 833 F.3d 1048, 1057 (9th Cir. 2016)("A habeas action, as we have held, is not a 'civil action' within the purview of the PLRA because it operates to challenge the validity of a criminal proceeding, and its dismissal does not trigger a strike."). Accordingly, in addition to the reason for dismissal, the dismissal in <u>Kirven v. FNU Hollis</u> does not count as a strike under the PLRA, because <u>Kirven v. FNU Hollis</u> was a habeas case.

order, the Court will dismiss the complaint"); (xiv) <u>Kirven v. Curry Cty. Sherriff's Dep't.</u>, No. CIV 12-1277 RB/CEG, Order, filed March 15, 2013 (Doc. 10)(holding that because Kirven "has not made the statutory payment or otherwise responded to the order, the Court will dismiss his complaint"); and (xv) <u>Kirven v. Central New Mexico Corr. Facility</u>, No. CIV 08-0878 BB/ACT, Order of Dismissal, filed August 27, 2009 (dismissing Kirven's case without prejudice because he did not respond to its Show Cause Order).   None of these dismissals count as "strikes" pursuant to 28 U.S.C. § 1915(g), because this provision only applies to an action "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."   28 U.S.C. § 1915(g).   With respect to dismissals for failure to prosecute, the Tenth Circuit has stated:

> We noted in *Hafed* that a dismissal for failure to prosecute would not necessarily count as a strike because the dismissal would not be for grounds listed in § 1915. 635 F.3d at 1179.   But we assessed a strike for a dismissal based on failure to prosecute because the Seventh Circuit also had determined that Hafed's appeal was frivolous.   *Id.* at 1179.   Here, the district court did not determine or state that Tiedemann's case was frivolous, was malicious, or failed to state a claim.   Thus, this dismissal cannot count as a strike.   *See id.; Butler v. Dep't of Justice,* 492 F.3d 440, 442-44 (D.C. Cir. 2007)(concluding that a dismissal for failure to prosecute was not a strike because such a dismissal was made without regard to the merits, and each of the three strike categories in § 1915(g) involve dispositions looking to the merits).

<u>Tiedemann v. Church of Jesus Christ of Latter-Day Saints</u>, 631 F. App'x 629, 631 (10th Cir. 2015). "Ordinarily, dismissal for failure to prosecute does not count as a strike under § 1915(g)."   <u>Wind v. Colorado Attorney Gen.</u>, 774 F. App'x 449, 452 (10th Cir. 2019).   The Court has held that where it dismisses a pro se prisoner case because of failure to prepay the filing fee, the dismissal "does not address the merits," and, therefore, "will not count as a 'strike' under the three-strikes rule governing civil prisoner complaints."   <u>Helwig v. Curry Cty. Det. Ctr.</u>, No. CIV 20-0052 JB/CG, 2021 WL 765100, at *3 (D.N.M. Feb. 26, 2021)(Browning, J.)(quoting 28 U.S.C. § 1915(g)).   Consequently, the Court concludes that none of the decisions cited above count as

strikes against Kirven under the PLRA.   See 28 U.S.C. § 1915(g).

Moreover, § 1915(g) "does not apply when a court gives a plaintiff leave to amend his complaint."   Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 n.4 (2020).   See Kirven v. Romero, No. CIV 08-0187 WJ/RLP, Memorandum Opinion and Order, filed September 9, 2008 (Doc. 18)(dismissing Kirven's complaint with prejudice because "[a] civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official" while granting Kirven leave to amend).   Accordingly, Kirven v. Romero does not constitute a strike against Kirven under the PLRA.   See Lomax v. Ortiz-Marquez, 140 S. Ct. at 1725, n.4.

Next, the Court's dismissals for failure to exhaust administrative remedies do not count as strikes under § 1915(g).   See Kirven v. Curry Cty. Det. Ctr., No. CIV 06-1212 JB/WDS, Magistrate Judge's Proposed Findings and Recommended Disposition, filed October 23, 2008 (Doc. 50)(explaining that "having reviewed the pleadings and the applicable law, recommends that this matter be dismissed without prejudice for failure to exhaust administrative remedies"); Kirven v. Curry Cty. Det. Ctr., No. CIV-06-1212 JB/WDS, 2007 WL 9717951, at *1 (D.N.M. Jan. 19, 2007)(Schneider, M.J.)(dismissing Kirven's case he "makes no allegation that he has attempted to exhaust administrative remedies").[5]   "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect."   Lomax v. Ortiz-Marquez, 140 S. Ct. at 1724-25.   The Court cannot alter the "provision's reach by inserting words Congress chose to omit."   Lomax v. Ortiz-Marquez, 140 S. Ct. at 1725.   Failure to exhaust

---

[5]On appeal, the Tenth Circuit affirmed the dismissal, "except that the dismissal is without prejudice," and granted "Kirven's application to proceed in forma pauperis on appeal . . . ." Kirven v. Curry Cty. Det. Ctr., 340 F. App'x 448, 450 (10th Cir. 2009).

administrative remedies is subject-matter jurisdiction rationale for dismissal under rule 12(b)(1) of the Federal Rules of Civil Procedure; by contrast, dismissal for failure to state a claim falls under rule 12(b)(6).   See Jenkins v. Educ. Credit Mgmt. Corp., 212 F. App'x 729, 733 (10th Cir. 2007).   The United States Court of Appeals for the Tenth Circuit has not yet addressed directly this issue in a published opinion.   Cf. Smith v. Cowman, 208 F. App'x 687, 689 (10th Cir. 2006)("Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as Mr. Smith's third strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).").   The Court concludes, however, in light of the recent Supreme Court precedent highlighting the simplicity of § 1915(g)'s text, the Court should not count administrative exhaustive dismissals as strikes under the statute.   See Lomax v. Ortiz-Marquez, 140 S. Ct. at 1724-25.   See also Thomas v. Parker, 672 F.3d 1182, 1184 (10th Cir. 2012)(implying that the Tenth Circuit would not impose a strike under the PLRA for failure to exhaust).

At the time Kirven filed the present case on April 5, 2019 he had only two strikes under the PLRA.   See Complaint at 1.   See Kirven v. Central New Mexico Correctional Facility, No. CIV 13-0217 MCA/SMV, Memorandum Opinion and Order at 2, filed July 31, 2013 (Doc. 8)(concluding that Kirven's "complaint fails to state a claim for relief under § 1983 and will be dismissed with prejudice"); Kirven v. McIlwain, CIV 07-0958 JB/CG, Kirven v. Curry Cty. Pub. Def., No. CIV 07-958 JB/CEG, 2008 WL 11451941, at *1-2 (D.N.M. Feb. 19, 2008)(Browning, J.), Memorandum Opinion and Order at 2-3, filed February 19, 2008 (Doc. 18)(dismissing Kirven's complaint with prejudice because it did not state a claim under § 1983).   Consequently, the Court concludes that Kirven need not prepay in this case because, at the time he filed the present case, "he had accumulated only two strikes."   Tiedemann v. Church of Jesus Christ of Latter-Day Saints, 631 F. App'x at 630.   Going forward, however, Kirven may not "bring a civil

action" anew in federal court unless he demonstrates that he is "under imminent danger of serious physical injury," because he has since accumulated an additional strike under 28 U.S.C. § 1915(g). See Kirven v. FNU Stanfill, No. CIV 18-1204 WJ/GJF, Kirven v. Stanfill, No. 18-CV-1204 WJ/GJF, 2020 WL 231072 (D.N.M. Jan. 15, 2020)(Johnson, J.), Memorandum Opinion and Order at 4, filed January 15, 2020 (Doc. 17)(holding that Kirven's "Complaint fails to state a claim upon which relief can be granted"), reconsideration denied, No. CIV 18-1204 WJ/GJF, 2020 WL 5976809 (D.N.M. Oct. 8, 2020).

For these reasons, the Court sets aside the Dismissal MOO and reopens this case.

**IT IS ORDERED** that the Plaintiff's Motion for Leave, filed May 29, 2020 (Doc. 9), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Loydale Kirven
Los Lunas, New Mexico

 *Plaintiff pro se*

- 12 -