IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

vs.                                                                      No. CIV 19-0324 JB/SMV

CURRY COUNTY DETENTION CENTER and
FNU WARNELL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court sua sponte on Plaintiff Loydale Kiven's failure to prosecute this civil rights action. The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously directed Kirven to update his address after several mailings were returned as undeliverable and to make an initial partial payment pursuant to 28 U.S.C. § 1915(b). See Order Regarding Address and Filing Fee, filed April 22, 2021 (Doc. 12)("Cure Order"). Because Kirven has not made an initial payment or re-established contact, the Court will dismiss his case without prejudice.

## BACKGROUND

Kirven initiated this case by filing an Untitled Letter-Complaint Raising Claims Under 42 U.S.C. § 1983, filed April 5, 2019 (Doc. 1)("Complaint"). In the Complaint, Kirven alleges that prison officials placed him near fellow-inmate Jesus Carria, a person with a mental illness. See Complaint at 2-3. Kirven alleges that he was required to "use lethal force" on Carria. Complaint at 2. Kirven seeks at least $210,000.00 in damages. See Complaint at 4.

The Court referred the matter to Magistrate Judge Vidmar for recommended findings and disposition and to enter non-dispositive orders. See Order of Reference Relating to Prisoner

Cases at 1, filed April 8, 2019 (Doc. 2). On May 9, 2019, Kirven filed an Application to Proceed in District Court Without Prepaying Fees or Costs. See Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 9, 2019 (Doc. 3)("IFP Motion"). Kirven sought to prosecute this civil action without prepaying the $400.00 civil filing fee. See IFP Motion at 1. By a Memorandum Opinion and Order, entered December 13, 2019, the Court denied the IFP Motion. See Memorandum Opinion and Order, filed December 13, 2019 (Doc. 5)("IFP MOO"). The Court found that Plaintiff was not eligible to proceed in forma pauperis because "on 3 or more occasions, while incarcerated [he] . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). See IFP MOO at 1-2. The Court fixed a deadline of January 13, 2020, for Plaintiff to prepay the $400.00 filing fee. See IFP MOO at 2. Kirven did not pay the filing fee, show cause, or otherwise respond to the IFP MOO by the deadline.

On January 31, 2020, the Court entered a Final Judgment and dismissed this case without prejudice for failure to prosecute and comply with Orders. See Memorandum Opinion and Order entered January 31, 2020 (Doc. 6)("Dismissal MOO"); Final Judgment, filed January 31, 2020 (Doc. 7)("Judgment"). Kirven filed a Motion to Reconsider requesting reconsideration about four months later, on May 29, 2020. See Motion to Reconsider, filed May 29, 2020 (Doc. 9). The Court granted "the Motion to Reconsider, because, at the time Kirven filed this case, he had only two strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). See Memorandum Opinion and Order, Kirven v. Curry Cty. Det. Ctr., No. CIV 19-0324 JB/SMV, 2021 WL 1215790, at *1 (D.N.M. Mar. 31, 2021)(Browning, J.), filed March 31, 2021 (Doc. 10)("Reopening MOO").

On April 16, 2021, the United States Postal Service returned the Reopening MOO as undeliverable. See Mail Returned as Undeliverable, filed April 16, 2021 (Doc. 11). Magistrate

Judge Vidmar entered the Cure Order on April 22, 2021. See Cure Order at 1. Magistrate Judge Vidmar, in the Cure Order, directed Kirven to notify the Clerk of his current address no later than May 28, 2021. See Cure Order at 1. The Cure Order also explained that, because the Court granted leave to proceed in forma pauperis in this prisoner action, Kirven must make an initial partial payment toward the filing fee. See Cure Order at 1 (citing 28 U.S.C. § 1915(b)(1)). ). The amount Kirven owes is equal to "20 percent of the greater of -- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(b)(1). The Cure Order determined that Kirven receives an average of $20.50 per month and, therefore, assessed an initial partial payment of $4.10 according to 28 U.S.C. § 1915(b)(1), to be paid by the May 28, 2021 deadline. See Cure Order at 2. The Cure Order also gave Kirven an opportunity to submit a new financial statement by the same deadline, as an alternative to making the payment, if the statement on file contains outdated financial information. See Cure Order at 2. The Cure Order warned that "[t]he failure to timely comply with all directives in this Order (i.e., provide an updated address and either pay the $4.10 partial filing fee or, alternatively, submit a new financial statement) will result in dismissal of this case without further notice." Cure Order at 2.

Kirven did not comply with any directive or respond to the Cure Order. Like the Reopening MOO, the United States Postal Service ("USPS") returned the Cure Order as undeliverable. See Mail Returned as Undeliverable, filed April 29, 2021 (Doc. 13). The Clerk's Office determined those that documents may have gone to Kirven's old prison address and re-mailed the Reopening MOO and the Cure Order to Kirven's most recent address at the Curry County Detention Center. The USPS, however, also returned that mailing as undeliverable, and

Kirven has not re-established contact with the Court. See Corrected Mail Returned as Undeliverable, filed June 21, 2021 (Doc. 15).

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include:

(i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Nasious, 492 F.3d at 1162.

Here, Kirven neither made an initial partial payment nor filed an updated financial statement, as the Cure Order and 28 U.S.C. § 1915(b) require. He also did not provide an updated address as directed, which D.N.M. Local Rule 83.6 requires. See D.N.M. LR 83.6 (noting that "parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing address . . . ."); Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. The same is true of simple, nonburdensome local rules . . . ."). Accordingly, the Court will dismiss this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and comply with Court orders. See Olsen v. Mapes, 333 F.3d at 1204, n.3. The dismissal will be without prejudice, after considering the factors in Nasious, 492 F.3d at 1162. Moreover, because "dismissal for failure to prosecute does not count as a strike under § 1915(g)," Wind v. Colorado Attorney Gen., 774 F. App'x 449, 452 (10th Cir. 2019), this dismissal does not count as a strike under the PLRA, see Reopening MOO, 2021 WL 1215790, at *4.

**IT IS ORDERED** that: (i) Plaintiff Loydale Kirven's Untitled Letter-Complaint Raising Claims Under 42 U.S.C. § 1983, filed April 5, 2019 (Doc. 1), is dismissed without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure; and (ii) the Court will enter a separate final judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Loydale Kirven
Clovis, New Mexico

    *Plaintiff pro se*